IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL WARREN,<br>                    **Plaintiff,**<br>      v.<br>PRIMECARE MEDICAL, INC., *et al.*,<br>                    **Defendants.** | CIVIL ACTION NO. 16-643 |

**MEMORANDUM**

**Rufe, J.**                                                                                      **October 28, 2021**

      Plaintiff Warren has filed an unopposed Motion for Entry of Final Judgment and Certification for Appeal [Doc. No. 147], requesting that this Court direct entry of final judgment dismissing the underlying action with prejudice and, "for purposes of clarification, dismiss[] the cross-claim asserted by Defendants Jennifer Sanchez and Kurt Stametz as settled pursuant to the Release Agreement."[1] This motion will be granted, although additional discussion of the procedural history of this case is necessary for the reasons discussed herein.

      Plaintiff filed this civil action in the District Court for the Eastern District of Pennsylvania pursuant to 42 U.S.C. § 1983 and Pennsylvania law to recover damages for injuries he suffered arising from his Methicillin-Resistant Staphylococcus Aureus ("MRSA") infection at the Lehigh County Jail.[2] Plaintiff's initial Complaint named thirty-two defendants, including a John Doe defendant that was dropped from the subsequent Amended Complaint and Second

---

[1] Mot. Entry Final J. & Certif'n Appeal [Doc. No. 147] at 4.

[2] The case was originally assigned to the Honorable Legrome Davis, and later reassigned to this Court. *See* Order Reassigning Case [Doc. No. 75].

Amended Complaint.[3] Claims against several defendants were dismissed early in the proceedings, either with Plaintiff's consent or as the result of uncontested motions to dismiss filed under Federal Rule of Civil Procedure 12(b)(6).[4] Plaintiff subsequently filed an Amended Complaint and a Second Amended Complaint in response to several orders granting various motions to dismiss.[5]

Claims against most of the defendants named in the Second Amended Complaint were dismissed with prejudice by Judge Davis on August 14, 2017, leaving only claims against PrimeCare Medical, Inc. ("PMC"), Dr. Deborah Wilson (together with PMC, the "PMC Defendants"), Officer Jennifer Sanchez, and Officer Kurt Stametz (Officers Sanchez and Stametz, together, the "Correctional Officer Defendants").[6] Following this order, the PMC Defendants and Correctional Officer Defendants filed separate answers. The Correctional Officer Defendants' Answer asserted a cross-claim against PMC, claiming indemnification or contribution rights "to the extent that any injuries suffered by Plaintiff were caused or substantially contributed to by acts or omissions by PMC and/or its employees."[7] The case was then reassigned to this Court on October 5, 2017.[8]

---

[3] *See* Compl. [Doc. No. 3] ¶¶ 4–21.

[4] *See* Order of September 12, 2016 [Doc. No. 25]; Order of October 24, 2016 [Doc. No. 30].

[5] *See* Order of November 30, 2017 [Doc. No. 32] (dismissing Claims I-IX of Plaintiff's original complaint without prejudice); Am. Compl. [Doc. No. 33]; Order of February 2, 2017 [Doc. No. 42] (granting in part and denying in part motions to dismiss Claims 1-5 of Plaintiff's amended complaint); Second Am. Compl. [Doc. No. 45].

[6] *See* Order of August 14, 2017 [Doc. No. 67].

[7] *See* Defs. Sanchez & Stametz's Answer Second Am. Compl. [Doc. No. 70] at ¶ 16.

[8] *See* Order Reassigning Case [Doc. No. 75].

After the close of discovery, the PMC Defendants and the Correctional Officer Defendants moved for summary judgment on each of Plaintiff's remaining claims.[9] No motion for summary judgment was filed with respect to the Correctional Officer Defendants' cross-claims. The Court granted the PMC Defendants' motion in its entirety, and granted the motion of the Correctional Officer Defendants with respect to Plaintiff's state law tort claims for negligence and negligent infliction of emotional distress.[10] Following this order, the remaining claims were limited to Plaintiff's § 1983 claims against the Correctional Officer Defendants and the cross-claim asserted by the Correctional Officer Defendants against PMC seeking contribution or indemnification. At the request of the parties and pursuant to a letter from counsel for the Correctional Officer Defendants, the Court referred all remaining claims in the case to Magistrate Judge Carol Sandra Moore Wells for purposes of settlement.[11] After receiving notice from counsel for the parties that a successful settlement had been reached, Magistrate Judge Wells entered an order dismissing the action with prejudice under Local Rule of Civil Procedure 41.1(b).[12]

Plaintiff thereafter filed a notice of appeal, seeking review of the earlier orders of dismissal and summary judgment.[13] The Court of Appeals directed the parties to address whether Magistrate Judge Wells's order was a "final decision under 28 U.S.C. §1291 or otherwise

---

[9] *See* Mot. Summ. J. [Doc. No. 109] (moving for summary judgment on Plaintiff's claims against PrimeCare Defendants); Mot. Summ. J. [Doc. No. 111] (moving for summary judgment on Plaintiff's claims against the Correctional Officer Defendants).

[10] Order of Dec. 20, 2019 [Doc. No. 131].

[11] Order of Jan. 9, 2020 [Doc. No. 134].

[12] Order Dismissing with Prejudice [Doc. No. 142].

[13] Not. Appeal, *Warren v. PrimeCare Medical, Inc. et al.*, No. 20-3561 (3d Cir. filed Dec. 24, 2020), ECF No. 1.

appealable," as "the order was not entered by a district judge" and "the cross-claim asserted by two defendants was never explicitly adjudicated."[14] Upon review of the parties' responses, the Court of Appeals authorized Plaintiff to seek entry of a final judgment from this Court.[15]

Plaintiff's motion is granted. Following this Court's order granting summary judgment Magistrate Judge Wells was specifically referred all remaining claims for settlement purposes.[16] After working with the parties and counsel in settlement negotiations, Magistrate Judge Wells was informed that the issues between the parties were settled and she was asked to enter a voluntary dismissal of the case. The dismissal order issued by Magistrate Judge Wells under Rule 41.1(b) of the Local Rules of Civil Procedure of this Court encompassed all remaining claims and cross-claims. This dismissal was consistent with 28 U.S.C. § 636(b)(1)(A). In relevant part, the statute provides that "[n]otwithstanding any provision of law to the contrary . . . a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except . . . to *involuntarily* dismiss an action."[17] While this rule places limits on the capacity of a magistrate judge to enter certain orders adverse to the rights of parties without

---

[14] Order of Dec. 24, 2020, *Warren v. PrimeCare Medical, Inc. et al.*, No. 20-3561 (3d Cir. filed Dec. 24, 2020), ECF No. 3. While Plaintiff's Notice of Appeal lists Magistrate Judge Wells's order in the list of orders being appealed, it appears that neither the appellee nor the appellants challenge the validity of either the settlement or the order entered by Magistrate Judge Wells effecting the voluntary dismissal of the remaining claims. *See* Response to Order, *Warren v. PrimeCare Medical, Inc. et al.*, No. 20-3561 (3d Cir. filed Dec. 24, 2020), ECF No. 11, at 2; Response of Primecare Appellees/Defendants to Order, *Warren v. PrimeCare Medical, Inc. et al.*, No. 20-3561 (3d Cir. filed Dec. 24, 2020), ECF No. 13, at 3.

[15] Order of May 19, 2021, *Warren v. PrimeCare Medical, Inc. et al.*, No. 20-3561 (3d Cir. filed Dec. 24, 2020), ECF No. 18.

[16] Order of Jan. 9, 2020 [Doc. No. 134].

[17] 28 U.S.C. § 636(b)(1)(A) (emphasis added).

confirmation of the District Court under § 636(b)(1)(C), Magistrate Judge Wells acted with the *consent* of the parties.[18]

To the extent that the Court of Appeals may apply a different interpretation of 28 U.S.C. § 636, a clear articulation of such interpretation would be useful in governing the future administration of cases referred for settlement by a district court judge to a magistrate judge. To ensure compliance with Rule 58 of the Federal Rules of Civil Procedure, a separate order will be entered granting Plaintiff's motion.

---

[18] 28 U.S.C. § 636(b) makes acquiescence the cornerstone of a magistrate judge's authority to issue independent orders. A panel of the Third Circuit has affirmed this general principle, noting that "§ 636(b)(1)(A) . . . requires the parties' consent before a magistrate judge rules on a dispositive motion." *Shell's Disposal & Recycling, Inc. v. City of Lancaster*, 504 F. App'x 194, 200 (3d Cir. 2012). Similarly, the Seventh Circuit recently noted that the limits placed on a magistrate judge's authority in § 636(b) are "not absolute" and "yield[] when, as section 636(c)(1) puts it, the magistrate judge is acting with 'the consent of the parties.'" *Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461, 470 (7th Cir. 2017).